```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,
     vs.                              Case No. 05-40110-01-RDR

SERGIO ARNOLDO MENDEZ-GONZALES,

                Defendant.
```

## O R D E R

On May 12, 2005 defendant came before the court to be sentenced after pleading guilty to the charge of illegal re-entry by an alien who was deported after a conviction for an aggravated felony. This order is issued to record the court's rulings and to elaborate upon the court's reasons for sentencing defendant to a term of 30 months.

The Guideline calculations in this case provide for an offense level of 21, a criminal history category of 5, and a guideline range of 70 to 87 months.

We are not constrained by the law to follow the Guidelines in sentencing.

> Booker makes the Guidelines effectively advisory. Courts must consider the Guidelines in addition to other sentencing factors, see 18 U.S.C. § 3553(a), but they are not required to impose a sentence within the applicable Guidelines range, and sentences will be reviewed for reasonableness.

U.S. v. Hauk, 412 F.3d 1179, 1193 (10th Cir. 2005). Under 18 U.S.C. § 3553(a):

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the [following] purposes . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . .

Section 3553(a) also requires that the court consider: the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the Guidelines calculations; pertinent policy statements; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

We are mindful that the Tenth Circuit has stated that the Guidelines remain "important to the overall reasonableness of any sentence imposed by a court post-Booker." U.S. v. Taylor, 413 F.3d 1146, 1152 (10th Cir. 2005).

Defendant is 33 years of age. He is a Mexican citizen. He has a wife and four children living in the United States. Defendant has been deported twice previously. He has worked in the construction and food service industries in the United States. He was living with his family in Topeka, Kansas prior to his arrest on the charges in this case.

Defendant has prior convictions for burglary, theft and

failure to appear in Wyandotte County District Court in 1996. He has two assault convictions in Shawnee County District Court in 1999 and 2000 which are related to disturbances with an ex-girlfriend. He was also convicted in 2000 of violation of a protective order and fleeing and eluding a law enforcement officer in Shawnee County District Court. Defendant received suspended sentences and probation for all of these convictions.

In 2001, defendant was arrested and convicted of illegal reentry in this court. Case No. 01-40105-01. He received a sentence of 18 months by a different sentencing judge on August 20, 2002. Defendant was released and deported to Mexico on March 6, 2003. The presentence report in that case treated defendant's prior burglary conviction as an "aggravated felony," not a "crime of violence" for purposes of U.S.S.G. § 2L1.2. Therefore, defendant's offense level in that case was 13.

Although defendant is charged with the same crime in this case, the prior burglary conviction is treated in the presentence report as a "crime of violence" for purposes of U.S.S.G. § 2L1.2. This leads to an increase of 40 months in the bottom of the guideline range for a defendant with a criminal history category of 5.

After considering the circumstances of this case and the factors mentioned in § 3553, the court believes a sentence of 30 months is appropriate in this case for the following reasons.

First, the court believes defendant's criminal history category overstates the seriousness of defendant's criminal history. Prior to defendant's prison sentence for illegal reentry, he received suspended sentences and probation for his previous offenses. Those offenses did not appear to involve serious violent conduct, in spite of the technical categorization of the burglary conviction as a crime of violence under the Guidelines. Although defendant has almost the highest criminal history category, he has only been sentenced to a prison term once, and that was for the nonviolent crime of illegal reentry. Furthermore, the burglary conviction which triggers the great increase in the offense level in this case is almost 10 years old and did not apparently involve physical injury or a threat of violence to any person. In the court's opinion, the age of the burglary conviction and the overall nature of defendant's criminal history would justify a downward departure under the pre-<u>Booker</u> guidelines system.

In addition, the court notes that defendant was previously sentenced to a term of 18 months for the same crime. There was no objection or dispute as to whether that sentence met the objectives of the law. Therefore, we believe a sentence of 30 months in this case reflects a proper concern for the seriousness of the offense and the promotion of respect for the law and just punishment. We also believe it will provide adequate deterrence to criminal conduct and protect the public from further crimes of the

4

defendant.  In our opinion, a sentence of 30 months is consistent with sentences given to other persons convicted of similar crimes with similar records, and defendant's prior burglary conviction does not provide good grounds for a higher sentence.  See <u>U.S. v. Chavez-Diaz</u>, 2006 WL 1000811 (10th Cir. 4/18/2006)(30-month sentence approved for a previously deported defendant convicted of illegal reentry with an offense level of 21, a criminal history category of II, and a prior drug trafficking offense for which he was sentenced to prison).

For the above-stated reasons, the court sentenced defendant to a term of 30 months with a three-year term of supervised release and a special assessment of $100.00.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2006 at Topeka, Kansas.

        s/Richard D. Rogers
        United States District Judge